# CIRCUIT COURT OF THE CITY OF RICHMOND

Lancaster & Clark Construction Co.

v.

Robert O. Davis, Jr.

November 10, 1976

Cases Nos. 9710 and 9711

By JUDGE WILLARD I. WALKER

For the reasons hereinafter stated, the court is of the opinion that there was improper and insufficient service of process upon the defendant in these cases.

There can be no doubt that service of process was not made pursuant to the provisions of § 8-51 of the Code of Virginia. Although the return shows posted service at the defendant's usual place of abode, the testimony of the serving officer and other witnesses establishes that 1111 Grove Avenue was not the defendant's usual place of abode, and that service was attempted by leaving a copy of the warrants with defendant's secretary with instructions that she have defendant contact the serving officer.

The more difficult question is whether Virginia Code § 8-53 operates to cure this defective service. Section 8-53 provides:

*Notice received in time good though not so served.* A notice in writing, however, which has reached its destination within the time prescribed by law, if any, shall be sufficient, although not served in the manner mentioned in the two preceding sections.

Relative to this issue, the court makes the following findings of fact.

Personal service was attempted upon defendant at 1111 Grove Avenue on July 26, 1976, (see civil warrant A99554) without success. On July 29, 1976, the serving officer left a copy of both warrants with defendant's secretary at 1111 Grove Avenue, defendant's office. Defendant did not go to his office on July 29, 1976. Defendant's secretary did not deliver the warrants to defendant or inform him of them on July 29, 1976, or on any subsequent date prior to August 11, 1976, the date judgment by default was taken by the plaintiff. Defendant was out of town from July 29, 1976, to August 5, 1976, and again from August 6, 1976, to August 11, 1976. Defendant did, in fact, know about the pendency of the actions in the General District Court, but there is no evidence that he knew the date on which the warrants were returnable. Defendant discussed with Mr. Clark on July 28, 1976, the pending actions, and paid money to the plaintiff on that date in the hope that these actions would be dismissed. Defendant's secretary, Mrs. Williams, performed general secretarial duties but was not empowered by defendant to act as his agent or attorney-in-fact in matters such as accepting service of process. There is insufficient evidence to establish that Mrs. Williams placed the warrants in a location where they were bound to have been seen by defendant on August 5 or 6, 1976, or at any other time prior to August 11, 1976. There is no evidence that the warrants were actually seen by the defendant prior to the date default judgment was taken. The defendant's visits to his office during the time period here involved were infrequent and erratic.

On these facts it does not appear to the court that defendant received notice in *writing* within the time prescribed by law. Since the provisions of § 8-53 modify the customary method of service prescribed by § 8-51, Section 8-53 should be strictly construed.

In *Eley* v. *Gamble*, 75 F.2d 171 (4th Cir. 1935), and *Parker* v. *Prince William County*, 198 Va. 231, 93 S.E.2d 136 (1956), where § 8-53 was applied, a notice in writing was received by either the defendant or his attorney. It was quite proper for the court in those cases to conclude that notice in writing to the party's attorney was tantamount to the same notice being received by the party. In this case, the business and legal rela-

tionship between defendant and Mrs. Williams was not such that written notice to her became, automatically, written notice to the defendant.