## CIRCUIT COURT OF CHESTERFIELD COUNTY

Wallace David

v.

Patricia David

March 27, 1990

Case No. CH89-1311

By JUDGE WILLIAM R. SHELTON

Upon a thorough review of the evidence, this Court finds that the plaintiff's summary judgment motion should be granted.

In the case at hand, Wallace David brought suit to obtain a divorce from his wife naming her in the Bill of Complaint as Patricia Virginia Todd David. Later, recognizing that this was not the defendant's proper name, plaintiff brought a motion to amend which was so granted by order of the Court on April 6, 1979. Plaintiff then filed an amended Bill of Complaint naming defendant as Patricia Ann Dunning David. The Final Decree which was entered on May 21, 1979, was endorsed by the defendant as Patricia Ann Dunning David.

Wallace David filed the present suit seeking partition of real estate that he and Patricia David acquired after the above divorce as joint tenants. Ms. David filed a cross-bill alleging that due to a misnomer in Patricia David's name, the divorce decree is unenforceable and was fraudulently obtained. Mr. David filed a motion seeking summary judgment as to Ms. David's Cross-Bill. This Court grants the request for summary judgment for the reasons stated below.

In Virginia, it is well established by case law that no action shall abate because of a misnomer. In the case where a misnomer is present, the plaintiff may amend his initial pleading pursuant to Va. Code Section 8.01-6. In the divorce of Wallace and Patricia David, the suit was initially filed with a misnomer as to Ms. David's middle name. The plaintiff, recognizing the misnomer, sought and was granted leave to amend by order of the Court dated April 6, 1979. The defendant argues that this amendment was null and void because the plaintiff did not submit an affidavit as provided in Va. Code Section 8.01-6. This Court does not agree and finds the plaintiff's amendment to be valid.

It appears to this Court that Ms. David's name could be effectively amended by either of two different procedures. A plaintiff could proceed under Va. Code Section 8.01-6 by simply submitting an affidavit or the plaintiff could proceed under Rule 1:8 of the Rules of Court by seeking leave to amend. Va. Code Section 8.01-6 is a very direct and simple procedure for correcting a misnomer. Rule 1:8 is a more detailed procedure which allows for any necessary amendment at the courts discretion. This Court does not feel that in the case of a misnomer Va. Code Section 8.01-6 is the sole and exclusive procedure for correcting it, rather a valid amendment could also be achieved under Rule 1:8 as was done in this case.

Ms. David also argues that even if the first amendment to defendant's middle name was valid, the divorce is still unenforceable because even after the amendment there was a misnomer as to the defendant's middle name and Ms. David's signature on the Final Decree was fraudulently induced. Ms. David argues that even after the Bill of Complaint was amended to show her name as Patricia Ann Dunning David, this still contained a misnomer as to her middle name. Defendant says that on the day she was to sign the Final Decree, she told plaintiff's attorney about the still existent misnomer and the attorney said just sign it the way its set forth and we'll correct it later. The defendant argues the attorney's statement constituted fraud and that coupled with the continuing misnomer renders the divorce unenforceable. This Court does not agree.

Where the proper person is before the court, a mistake in the person's middle name should not render the order

unenforceable. In the case before us, the defendant's first and last name were correctly in the pleadings. Furthermore, it appears from the parties' marriage licenses that the defendant at the time that document was obtained was using the name Patricia Ann Dunning. This Court feels that the misnomer in this case, if it existed at all, was minuscule and should not render the divorce decree unenforceable.

Nor does the Court feel there was any fraud in obtaining Ms. David's signature. The purpose and contents of the document were not hidden from Ms. David. The comments which were made when the decree was signed by Ms. David did not in any way act to prejudice her rights as concerned the divorce action.