## CIRCUIT COURT OF THE CITY OF RICHMOND

James A. Hill

v.

Mark T. McIntyre,
James H. Shiflett,
N. A. Eggleston, III,
Kevin Hobbs and
Andrew N. Hobbs, Jr.

February 8, 1993

Case No. LT-4656-4

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the court entered judgments by default against defendants, Andrew Hobbs (Andrew) and Kevin Hobbs (Kevin) on March 17, 1992. On December 1, 1992, these defendants filed motions to set aside the judgments and afterwards, at a hearing, presented evidence in support of their motions. The motions are on the ground that the service of process was improper in that the posted service for them was not made at the usual place of abode.

The court file shows that service was made on these defendants on December 23, 1991, by posting at 2510 Hawthorne Avenue. Andrew and Kevin testified they are brothers and that 2510 Hawthorne Avenue is their parents' residence. Both testified that as of December, 1991, they had moved from the address to attend college and to establish their own residences and have not lived there since. They did say, however, that since their departure they have from time to time used the address for mailing purposes, and in the case of Kevin, he used his parents' garage and the address for a business operation in the latter part of 1992 and may have lived there briefly then as well.

Plaintiff, while not conceding that the posted service was not valid, stated through counsel that Andrew telephoned counsel and spoke of the case the day after the posting of the service papers at 2510. Andrew

denied this and stated the only conversation he had with plaintiff's counsel was in February, 1992, when he called after receiving a mailing relative to this case sent to 2510 Hawthorne Avenue. Andrew stated he told Kevin at that time about the mailing and its purport, which Kevin acknowledged. Kevin stated he too had no knowledge of these proceedings until February, 1992. The file contains Notices to Andrew and Kevin filed February 26, 1992, which both state that after 10 days and the expiration of the statutory period to respond, on March 17, 1992, the plaintiff would move the court for entry of judgments by default. Each Notice has a certificate signed by counsel stating that copies of the Notice and the Motion for Judgment were mailed to Andrew and Kevin on February 25, 1992, at 2510 Hawthorne Avenue. The mailing is one required by § 8.01–296(2)(b) whereby in cases of posted service the plaintiff is required to mail certain papers to the defendant at least ten days before a default judgment request.

Plaintiff, while still not conceding the posted service was invalid, argues that under § 8.01–288 service was made nonetheless because by the terms of that statute, "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." The Court advised the parties on the day of the hearing that Andrew and Kevin's testimony that 2510 Hawthorne Avenue was not their place of abode at the time was believable, and thus on this basis, there was not proper service. The Court further advised that as to the representations of counsel and the testimony of Andrew regarding Andrew and counsel speaking by telephone the day after the posting at 2510 Hawthorne, both were believable and the Court could not conclude if this event occurred or not. The Court then took under advisement the issue of whether there was compliance with § 8.01–288 to achieve service by the acknowledged receipt of the § 8.01–296(2)(b) Notices with the Motion for Judgment attached in February, 1992. The Court finds that under § 8.01–288 in this case, service was accomplished as to both Andrew and Kevin, and the motions should be denied.

The whole of § 8.01–288 reads as follows:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time

prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

The statute has been referred to as "curing" in that a defective attempt to acquire service of process by valid means is cured when process nonetheless reaches the intended party. *Lancaster & Clark Construction Co. v. Davis*, 7 Va. Cir. 463 (1976).

The Court is not aware of any time limit prescribed for process to reach a party to be served under the terms of § 8.01–288 — "within the time prescribed by law" — other than perhaps Rule 3:3 requiring service to be made within one year after suit is filed. This case was originally filed in December, 1991.

Another consideration is the issue of whether there is compliance with § 8.01–288 when the "process" that reached the person to be served is the papers required under the § 8.01–296(2)(b) mailing as happened here. Section 8.01–296(2)(b) states where pertinent here:

> In any civil action brought in a circuit court, the mailing of a copy of the pleadings with a notice that the proceedings are pending in the court indicated and that upon the expiration of ten days after the giving of the notice and the expiration of the statutory period in which to respond, without further notice, the entry of a judgment by default as prayed for in the pleadings may be requested, shall satisfy the mailing requirements of this section and any notice requirement of the Rules of Court.

The papers mailed here under § 8.01–296(2)(b) fulfill all these requirements and satisfy all the things "process" stands for, namely, a copy of the motion for judgment as filed and a notice of motion for judgment advising that the defendants have twenty-one days to respond or else they may suffer a default judgment. And so while the service by posting was void in this case, the defendants received service within the meaning of § 8.01–288, and the judgments against them are valid on this basis.

Lastly, there is no evidence that the plaintiff's service attempt at 2510 Hawthorne Avenue was not in good faith so as to set up these defendants to achieve service alternatively by the curing statute. Even Andrew and Kevin testified that they often used their parents' residence as a mailing address. The notice they did receive was prompted by the requirements of § 8.01–296(2)(b). Once these defendants got

that notice, noting that these proceedings were then pending, there was sufficient time for them to act with due diligence to appear and seek leave to file a late response or advance any reason before or on March 17, 1992, as to why default judgments should not enter against them. The rules concerning default are aimed at encouraging due diligence lest default judgment be entered. *Jackson v. Jackson*, 236 Va. 199, 205 (1988). If defendants are relieved of the consequences of their own conduct which brought the situation they promoted resulting in default judgments "[d]iligence and vigilance would cease to be the rule; certainty of judicial proceedings would be destroyed . . . ." *Landcraft Co. v. Kincaid*, 220 Va. 865, 874 (1980).

For the foregoing reasons, Andrew and Kevin's motions are denied.