PRESENT: All the Justices

LIFESTAR RESPONSE OF MARYLAND, INC.

OPINION BY
v.  Record No. 031376                  JUSTICE G. STEVEN AGEE
                                        APRIL 23, 2004
PEGGY VEGOSEN


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Joanne F. Alper, Judge


The issue in this appeal is whether Code § 8.01-288 cures a plaintiff's failure to serve upon the defendant a notice of motion for judgment when the defendant was served with a copy of the amended motion for judgment and had actual notice of the lawsuit.

I.    BACKGROUND AND PROCEEDINGS BELOW

Peggy Vegosen ("Vegosen") filed a motion for judgment against Lifestar Ambulance Service, Inc. alleging personal injuries sustained during her transport in an ambulance. Lifestar Ambulance Service, Inc., entered a special appearance claiming it was not the proper defendant.  With leave of court, Vegosen filed an amended motion for judgment against Lifestar Response of Maryland, Inc. ("Lifestar").  Lifestar Ambulance Service, Inc. was dismissed as a defendant.  A private process server then served the amended motion for judgment on the registered agent for Lifestar.  According to the affidavit of

service, a "Summons, Complaint, and Attachments"[1] were included in the service of process.

Lifestar did not make an appearance or file a responsive pleading. Vegosen filed a motion for default judgment which it served upon Lifestar. The trial court granted Vegosen's motion for default judgment and, after an <u>ore</u> <u>tenus</u> hearing, awarded damages in the amount of $100,000. Subsequently, Lifestar moved to vacate the default judgment pursuant to Code § 8.01-428(A)(ii).

In support of its motion Lifestar argued that it had not been served with a notice of motion for judgment as required by Rule 3:3 and therefore the trial court did not have jurisdiction over it to enter the default judgment. Lifestar contended that the default judgment was thus void and should be set aside under Code § 8.01-428(A)(ii). Vegosen responded that Lifestar had failed to prove no notice of motion for judgment had been served and that, even if that allegation was true, the saving provision

---

[1] While the affidavit makes the recital quoted in the text that a "Summons" was served as part of the papers delivered to the defendant's registered agent, the record is clear in this case that no summons or notice of any kind was affixed to the motion for judgment delivered to defendant's registered agent. Hence we do not address in this opinion the issue whether a notice that is improperly titled is valid. See Rule 3:3(c) ("The notice to be given of the motion for judgment shall be <u>substantially in this form</u>") (emphasis added).

2

of Code § 8.01-288 cured any defective service because Lifestar had actual notice of the proceedings.

The trial court ruled by letter opinion

> that the mere absence of a Notice of Motion for Judgment does not automatically render a default judgment void where the defendant has been served with an Amended Motion for Judgment and has actual notice of the litigation. While [Lifestar] is correct that Rule 3:3 of the Rules of the Supreme Court of Virginia provides that the Notice of Motion for Judgment is the process required to give notice to the defendant of a lawsuit, the saving provision of Va. Code Ann. § 8.01-288 cures a defect of service where process is shown to have actually "reached the person to whom it is directed within the time proscribed by law."

The trial court found that while Lifestar had been served with an amended motion for judgment, the required Rule 3:3(c) notice prepared by the clerk was not served or otherwise received by Lifestar. The trial court also found Vegosen's counsel had communicated by telephone to Lifestar's registered agent on the date the amended motion of judgment was served that Lifestar had three weeks to file a responsive pleading. Concluding that Lifestar "had actual notice of the lawsuit and of the time for filing a responsive pleading," the trial court ruled Code § 8.01-288 cured any defect in service of process because actual notice cures "any defect whatsoever." The trial court denied Lifestar's motion to vacate the default judgment. We awarded Lifestar this appeal.

3

## II. ANALYSIS

Under Rule 3:3(a), "[a]n action shall be commenced by filing in the clerk's office a motion for judgment." Rule 3:3(c) sets out the proper form of "[t]he notice to be given of the motion for judgment," which is issued by the clerk and notifies the party being sued that unless a responsive pleading is filed in the clerk's office within twenty-one days after service of the notice of motion for judgment, default judgment for the plaintiff may be entered. Rule 3:3(c) then provides that "[t]he clerk shall issue the notice and attach it to a copy of the motion for judgment, <u>and the combined papers shall constitute the notice of motion for judgment to be served as a single paper</u>." Rule 3:3(c) (emphasis added).

The plain language of Rule 3:3(c) mandates that the notice of motion for judgment to be served on the defendant has two constituent parts, both of which are required to constitute "process": a copy of the motion for judgment <u>and</u> the notice issued by the clerk. <u>See</u> <u>Bendele v. Commonwealth</u>, 29 Va. App. 395, 398, 512 S.E.2d 827, 829 (1999) (in equity, "process" is the "subpoena in chancery, which the clerk would have attached to a copy of the filing"). Rule 3:3(c) then underscores that these two documents, "served as a single paper," constitute "process" because "[n]o judgment shall be entered against a

4

defendant who was served <u>with</u> <u>process</u> more than one year after commencement of the action against him." <u>Id.</u> (emphasis added).

The trial court held that failure to serve the defendant with the "notice" portion of the notice of motion for judgment does not void a default judgment when the defendant has been served with an amended motion for judgment and has actual notice of the suit. We disagree. Receiving a notice of motion for judgment is the <u>sine</u> <u>qua</u> <u>non</u> to having been served with process. Indeed, under the plain language of Rule 3:3(c), "process" is the notice of motion for judgment which must consist of "the combined papers . . . to be served as a single paper." Without either the notice prepared by the clerk or the copy of the motion for judgment, there is no notice of motion for judgment and no "process." It is the "process" which must reach the defendant to vest the court with jurisdiction. Without service of the "process," the court acquires no jurisdiction. A plaintiff who fails to serve a notice of motion for judgment on the defendant has failed to serve process and cannot benefit from the entry of a default judgment because the trial court never acquired jurisdiction over the defendant.

Nonetheless, Vegosen argues that the saving provision of Code § 8.01-288 cures any defect of service so as to give the court jurisdiction. Again, we disagree.

When the language of a statute is plain and unambiguous, it will be construed according to its plain meaning. Smith Mt. Lake Yacht Club, Inc. v. Ramaker, 261 Va. 240, 247, 542 S.E.2d 392, 396 (2001); Earley v. Landsidle, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999). Code § 8.01-288 states, in pertinent part, that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." (Emphasis added). By its plain language the statute applies only when "process" has reached "the person to whom it is directed." Id. "Process" under Code § 8.01-288 is the same "process" as defined under Rule 3:3(c). In the case at bar, "process" never reached Lifestar because the papers served on it did not constitute a notice of motion for judgment under Rule 3:3.

Under its clear terms, Code § 8.01-288 is designed to cure defects in the manner in which "process" is served. It cannot

6

cure defects in the "process" itself.[2]  Since Lifestar never

received "process," Code § 8.01-288 does not apply.  The trial

court erred in concluding otherwise.


                        III.   CONCLUSION

    Vegosen's failure to serve Lifestar with a notice of motion

for judgment pursuant to Rule 3:3 meant Lifestar never received

process and was not properly before the trial court.  Since the

process was defective, as distinguished from the manner of

service, the savings provision of Code § 8.01-288 does not

apply.  Because the trial court lacked jurisdiction over

Lifestar, it erred in entering a default judgment.  Since the

default judgment is void for lack of jurisdiction, the trial

court also erred in failing to grant Lifestar's motion to set

that judgment aside under Code § 8.01-428(A)(ii).  We will

therefore vacate the default judgment entered May 17, 2002,

---

    [2] Vegosen also argues that even if the trial court's
determination that the saving provision Code § 8.01-288 cured
the defective service of process is in error, Lifestar's
subsequent receipt of notice of default judgment under Code
§ 8.01-296(2)(b) cures any defect in service.  The trial court
rejected this argument, as do we.  Nothing in Code § 8.01-
296(2)(b) purports to validate jurisdiction to a court for entry
of default judgment when the court has not otherwise acquired
jurisdiction over the defendant.  Further, Rule 3:17 states that
"[a] defendant who fails to plead to a notice of motion for
judgment within the required time is in default." (Emphasis
added).  Lifestar did not receive a notice of motion for
judgment and therefore could not have been in default.

reverse the trial court's final judgment order entered June 10, 2002, and remand the case.

Reversed, vacated and remanded.