# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

John W. Singleton

v.

Paul A. Suplizio

September 21, 2007

Case No. CL71449

BY JUDGE ROSSIE D. ALSTON, JR.

This matter came before the Court on the Motion to Vacate Judgment filed by Paul A. Suplizio. After the Court heard witness testimony at an evidentiary hearing on May 2, 2007, the Court took the matter under advisement and allowed the parties to submit additional memoranda they had prepared in support of their respective positions.

*Introduction*

Paul A. Suplizio alleges that the default judgment entered against him is void due to faulty service. Specifically, he contends that he did not have actual notice of the proceedings against him because the case and the summons were originally styled against Paul *E.* Suplizio, the defendant's father, rather than Paul *A.* Suplizio. The defendant concedes that the summons papers were at the premises of his business before the return date. However, he denies personal receipt of the summons and contends that the confusion created by the plaintiff's use of the wrong name was fatal.

John W. Singleton argues that service was adequate. According to the plaintiff, the summons identified the defendant by first and last name, named the business he operated, described a claim made by a person known to the

defendant, described a vehicle in the defendant's possession, and was delivered to the defendant's business. While the plaintiff concedes that the summons gave the incorrect middle name for the defendant, the plaintiff argues the defendant was identified with reasonable certainty.

For the reasons stated below, the Court holds the defendant's Motion to Vacate Judgment is denied.

*Facts*

On December 6, 2005, an Alias Warrant in Detinue was issued against "Paul E. Suplizio, t/a VW Restorations and Customs." A handwritten notation on the return of service indicated that the Sheriff delivered the Warrant by personal service on December 8, 2005. The defendant failed to appear on the return date. On February 9, 2006, the Honorable Charles F. Sievers, Judge, General District Court for the Thirty-first Judicial District heard the plaintiff's *ex parte* evidence. Judge Sievers entered judgment against Paul E. Suplizio.

On May 15, 2006, the plaintiff filed Notice and Motion to Correct Defendant's Middle Initial. According to plaintiff's counsel, the motion was personally served on Paul A. Suplizio at his place of work by a private process server. (Transcript, p. 7.) The defendant again failed to appear on the return date. On May 18, 2006, Judge Sievers entered the Order to Correct Defendant's Middle Initial. The Order included a finding that the correct party was served in person with the Alias Warrant in Detinue at his place of business. The name of the defendant was corrected from "Paul E. Suplizio, t/a VW Restorations and Customs" to "Paul A. Suplizio, t/a VW Restorations and Customs."

On May 2, 2007, the parties came before this Court on the Motion to Vacate Judgment. Paul A. Suplizio and Paul E. Suplizio were the only witnesses called.

Paul *E.* Suplizio testified that he never received an Alias Warrant in Detinue. (Transcript, p. 39.) He also denied receiving any court papers from his son. (Transcript, pp. 40, 43.)

Paul *A.* Suplizio testified that he was never served the Alias Warrant in Detinue (Transcript, p. 12), nor the Motion to Correct Defendant's Middle Initial. (Transcript, pp. 13-14.) He explained that he believed his son, Christopher Paul Suplizio, may have accepted service of the Warrant while he was at home recuperating from a motor vehicle accident. (Transcript, p. 12.) Paul A. Suplizio testified that he first became aware of the judgment when he learned his bank account was garnished. (Transcript, pp. 12-13.)

The plaintiff drew the Court's attention to the defendant's responses to Request for Admissions filed on November 29, 2006. In response to Request # 2, the defendant denied that he was served with the warrant and explained, "I received the Alias Warrant in Detinue directed to Paul E. Suplizio, my father." In response to Requests # 4 and # 6, he admitted that the warrant was in his possession before the return date and that it was in a customer file at his business premises. In response to Requests # 10 and # 12, he admitted that his father was not present at the business premises on the date of service, nor was his father an owner, operator, or employee of the business.

After the presentation of evidence and arguments, the court asked the parties to submit memoranda of law by May 18, 2007.

## Analysis

The issue in this case is whether identifying the defendant as Paul *E.* Suplizio rather than Paul *A.* Suplizio was a fatal defect in service or was a mere misnomer cured by actual notice of the proceedings. This requires an inquiry into the manner of service as well as the process itself.

## Manner of Service

The manner of service in this case appears to have been defective. However, the Court holds this defect is remedied under the curing statute because the defendant conceded he received process prior to the return date.

Judgments without personal service of process, or with service of process in a manner not authorized by law, are void judgments. Va. Code Ann. § 8.01-428 (2007); *Garritty v. Virginia Dept. of Social Services,* 11 Va. App. 39, 396 S.E.2d 150, 151 (1990); *Khatchi v. Landmark Restaurant Assoc., Inc.,* 237 Va. 139, 375 S.E.2d 743 (1989). However, defective service may be cured if (1) service of process was not specifically prescribed by statute and (2) the process actually reached the person to whom it was directed within the time prescribed by law. Va. Code Ann. § 8.01-288; *Lifestar Response of Maryland, Inc. v. Vegosen,* 267 Va. 720, 594 S.E.2d 589, 591 (2004); *Hill v. McIntyre,* 30 Va. Cir. 163, 165-66 (City of Richmond, 1993).

The case law is clear that the curing statute would apply. First, no particular method of service is prescribed for delivery of an Alias Warrant in Detinue. *See* Va. Code Ann. § 8.01-114 (2007) ("A proceeding in Detinue to recover personal property unlawfully withheld from the plaintiff may be brought on a warrant. . . ."); Va. Code Ann. § 16.1-79 (2007) (relating to actions brought on a warrant). Section 16.1-79 states that a warrant may be

directed to the sheriff for service. The statute's reference to "service" in general is "capable of being reasonably understood as permitting various modes of delivery." *See Virginia Empl. Comm'n v. Porter-Blaine Corp.*, 27 Va. App. 153, 497 S.E.2d 889, 892-93 (1998).

Second, the defendant concedes he was in possession of the warrant prior to the return date. *See Virginia Empl. Comm'n*, 497 S.E.2d at 893 (holding service by overnight mail failed to comply with the requirements of personal service, but the service was sufficient because the Commissioner actually received the petition within the time limits prescribed by law); *Hill v. McIntyre*, 30 Va. Cir. 163, 166 (City of Richmond, 1993) (upholding default judgment, even though service was made at the home of the defendant's parents, because defendants had timely knowledge of the proceedings); *cf. O'Connell v. Bean*, 263 Va. 176, 556 S.E.2d 741, 742 (2002) (holding service was fatally defective particularly because neither the defendant nor her office actually received the papers).

In this case, the manner of service was deficient. Section 8.01-296 prescribes the manner of serving process upon natural persons in a civil action where "no particular mode of service is prescribed." Va. Code Ann. § 8.01-296 (2007). Under that code section, service must be affected "by delivering a copy [of the process] in writing to the party in person." *Id*. The statute provides for substituted service on a family member "if the party to be served is not found at his usual place of abode." *Id.*; *Crockett v. Etter*, 105 Va. 679, 54 S.E. 864, 865-66 (1906) (substituted service void if not delivered at usual place of abode); *Coons & Thompson, Inc. v. Lapin*, 7 Va. Cir. 73, 76 (City of Virginia Beach, 1981); *Roanoke Memorial Hosp. v. Burton*, 13 Va. Cir. 452, 453 (Botetourt County, 1975).

The record offers little evidence to establish compliance with a particular manner of service. The sheriff's return was contradictory on its face. Service on Paul *E*. Suplizio could not be personal service and service at a place of business could not be substituted service. Testimony at the evidentiary hearing offered little to clarify this contradiction. Both the defendant and his father denied accepting the summons. While the defendant suggested that his son may have accepted the summons, the defendant failed to call his son as a witness and offered no other testimony to substantiate such a claim. However, the defendant made a key admission when he conceded that he was in possession of the summons prior to the return date. This is critical to the resolution of this issue.

Because the defendant was in possession of the summons within the time prescribed by the law, the curing statute remedies the apparent defect in the manner of service. Therefore, the only question remaining is whether the process itself was defective or if the defendant actually had notice of the proceedings.

*Actual Notice*

The only alleged defect in the process was the use of the incorrect middle initial for the defendant. The summons identified the defendant and the claims against him in substantial detail. The defendant's claim that he thought the summons was for his father does not stand to reason. Therefore, the court holds the process was sufficient to apprise the defendant of the proceedings against him.

Process is an "official notice informing the recipient of a pending action filed and advising when a response is required." *Bendele v. Department of Medical Assistance Servs.*, 29 Va. App. 395, 512 S.E.2d 827, 829 (1999); *see also Robertson v. Stone*, 199 Va. 41, 97 S.E.2d 739, 742 (1957). (explaining that the purpose of service of process is "to apprise the defendant of the nature and object of the proceeding against him and to notify him that his rights may be affected in the litigation"). The curing statute does not cure defects in the process itself. *Lifestar Response*, 594 S.E.2d at 591 ("[The curing statute] is designed to cure defects in the *manner* in which 'process' is served. It cannot cure defects in the process itself."); *see also O'Connell*, 556 S.E.2d at 742-43. The law does not require that process be absolutely accurate though.

The person to whom the process is directed must be identified with reasonable certainty, but absolute accuracy is not required. *Robertson*, 97 S.E.2d at 742. A slight error in spelling is not misleading and does not render the notice fatally defective if the notice sufficiently describes the defendant. *Id.*

In *Robertson*, an order of publication was issued for Alma E. Robinson when the defendant's correct name was actually Alma E. Robertson. *Robertson*, 97 S.E.2d at 741. The order of publication described the claim in detail, gave the correct address of the defendant, stated the nature and object of the proceeding, and stated the names of the defendant's two sisters who were co-owners of the disputed property. *Id.* at 742. The court noted that the defendant was sometimes known as Alma E. Robertson and had signed papers in connection to the disputed property under that name. *Id.* The court held that the order of publication was in "substantial and sufficient compliance" with the statutory requirements for valid service of process. *Id.*

This case is similar to *Robertson*. Like the situation in *Robertson*, the process was directed to Paul *E.* Suplizio rather than Paul *A.* Suplizio. As in *Robertson*, the papers delivered to the defendant's place of business described the claim in detail, gave the correct address of the defendant's business, stated the nature and object of the proceeding, and stated the name of the defendant's

customer who was an owner of the disputed property. Admittedly, there is no evidence that the defendant in this case ever used his father's middle name. However, the standard for service under Va. Code § 8.01-296 is less rigorous than that applied in the *Robertson* case. *See Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390, 393 (1990) ("Because the notice is constructive only, the order of publication and the statute authorizing it both must be strictly construed.").

Attention may also be drawn to § 8.01-6 which allows correction of a misnomer in a pleading if the court finds "that the party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Va. Code Ann. § 8.01-6 (2007). Courts have approved corrections of a misnomer where (1) the right person was incorrectly named, (2) the amendment caused no change in the cause of action, (3) the substituted party bore a real relation of interest to the original party, and (4) no one was prejudiced by the mistake. *See Clark v. Nuss*, 37 Va. Cir. 401, 402 (City of Norfolk 2002) (allowing correction of defendant's name in pleadings from "Ronald Nuss" to "Donald Nuss"); *David v. David*, 20 Va. Cir. 139, 140-41 (Chesterfield County, 1990) ("Where the proper person is before the court, a mistake in the person's middle name should not render the order unenforceable."); *Dabneys v. Knapp, Preston & Co.*, 43 Va. (2 Gratt.) 354 (1845) (upholding default judgment even though plaintiff was named "Samuel P. Christian" in the writ and "Samuel B. Christian" in the count).

The defendant insists that he had no notice of the proceedings against him until his bank account was garnished. However, this self-serving testimony lacks credibility. The defendant was in possession of the summons before the return date. The only error in the summons was an incorrect middle name. The summons identified the defendant by first and last name, named the business he operated, described a claim made by a person known to the defendant, described a vehicle in the defendant's possession, and was delivered to the defendant's business. A reasonable man would not think that summons addressed to "Paul E. Suplizio, t/a VW Restoration and Customs" were intended for his elderly father who never came to the place of business and had no involvement with the dispute detailed in the summons. Furthermore, the record reflects that the Notice and Motion to Correct Defendant's Middle Initial was personally served by private process server to "Paul A. Suplizio." In light of these facts and the above stated law, the Court holds that the process was in substantial compliance with the requirements of the law.

The defendant's Motion to Vacate Judgment is denied. The Court holds that the curing statute remedied the apparent defects in service of the Alias Warrant in Detinue. Further, the Court holds that the summons identified the defendant with reasonable certainty.