# CIRCUIT COURT OF THE CITY OF NORFOLK

James Mack et al.

v.

Thomas J. Dunleavy et al.

December 4, 2012

Case Nos. (Civil) CL09-7265-01, CL09-7265-02

By Judge Everett A. Martin, Jr.

On November 10, 2009, the plaintiffs filed a complaint (CL09-7265) against Thomas J. Dunleavy and another for breach of contract. The complaint lists Dunleavy's address as "124 Orchard St., Norfolk, VA 23505." Counsel stipulate that Dunleavy and his wife have resided at that address since 1990 and that, during the pendency of the action, no one else lived there.

On December 28, 2009, the plaintiffs' former counsel filed an affidavit for service of process on the Secretary of the Commonwealth (the "Secretary"), on which he checked the box indicating that Dunleavy "is a person whom the party seeking service, after exercising due diligence, has been unable to locate." The Orchard Street address is listed for Dunleavy on the affidavit. The Secretary sent papers by certified mail to Dunleavy on January 19, 2010, and the certificate of compliance was filed in the Clerk's Office the next day.

On March 11, 2010, plaintiffs' former counsel filed a motion for default judgment. On April 13, 2010, the Court found Dunleavy in default and continued the case to receive evidence of damages. On December 7, 2010, an order was entered awarding the plaintiffs damages against Dunleavy in the amount of $193,925. The final order was entered on December 29, 2010, granting a nonsuit against the other defendant.

Dunleavy contends he was not aware of the original action until June 28, 2012, when he found a summons to answer interrogatories posted on

his front door at the Orchard Street address. On July 19, Dunleavy filed a petition for a temporary injunction to stay the plaintiffs' collection efforts, and, on July 27, he filed a motion to set aside the default judgment. On July 27, the Court granted the injunction until the motion to set aside the default judgment was heard. I heard the motion on October 19.

## Validity of the Constructive Service

This Court may set aside a default judgment if that judgment is void. Code of Virginia § 8.01-428(A)(ii). The Supreme Court of Virginia has "repeatedly held that any material failure to comply with the terms of the statute authorizing constructive service invalidates the service and that any default judgment based upon such service is void." *Virginia Polytechnic Inst. & State Univ. v. Prosper Fin., Inc.*, 284 Va. 474, 480, 732 S.E.2d 246, 249 (2012).

A party using constructive service through the Secretary must file an affidavit with the court stating "(i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service has been unable to locate the person to be served." Va. Code § 8.01-329(B). "Diligence" means "devoted and painstaking application to accomplish an undertaking." *Dennis v. Jones*, 240 Va. 12, 19, 393 S.E.2d 390, 393 (1990). The statute further provides in pertinent part:

> When the person to be served is a resident, the signature of an attorney . . . on such affidavit shall constitute a certificate by him that process has been delivered to the sheriff or to a disinterested person as permitted by § 8.01-293 for execution and, if the sheriff or disinterested person was unable to execute such service, that the person seeking service has made a bona fide attempt to determine the actual place of abode or location of the person to be served.

The plaintiffs argue that service on the Secretary is complete and conclusive regardless of whether Dunleavy actually received the process because they provided his correct address. However, unlike the cases of *Basile v. American Filter Serv., Inc.*, 231 Va. 34, 340 S.E.2d 800 (1986), and *Specialty Hosp. of Washington, L.L.C. v. Rappahannock Goodwill Indus., Inc.*, 283 Va. 348, 722 S.E.2d 557 (2012), upon which they rely, the requirements of Va. Code § 8.01-329 were not met here.

Dunleavy is a resident of Virginia, and there is no evidence the plaintiffs used due diligence to locate him. There is no evidence that the plaintiffs delivered process to the sheriff or to a disinterested person for execution at the Orchard Street address. Furthermore, it is unclear whether process was included in the mailing from the Secretary. The three "attachment" boxes on the affidavit for service of process, completed by plaintiffs' former

counsel, are not checked; there is nothing to indicate that the summons and complaint were attached. In *Basile, supra,* the Court held the omission of the defendant's zip code from the affidavit did not invalidate the service. In *O'Connell v. Bean,* 263 Va. 176, 179, 556 S.E.2d 741, 742 (2002), the Court held that the failure to check the box on the affidavit form incorporating the defendant's last known address from the caption of the affidavit was a material failure to comply with Va. Code § 8.01-329 resulting in invalid service. Here, the plaintiffs' former attorney did not check the box indicating the "Summons and Complaint" were attached. That is a far more significant failing as the complaint informs the defendant of the allegations against him, and the summons shows the complaint has been filed in a court.

I find the plaintiffs failed to materially comply with the statutory requirements for constructive service pursuant to Va. Code § 8.01-329. (It is also curious that the plaintiffs' "Motion for Judgment in Default" (sic), filed on March 11, 2010, misrepresented to the Court that: "[s]ervice of process was made upon the Secretary of the Commonwealth as to both named defendants as both defendants are non-residents of the Commonwealth of Virginia.")

*Va. Code § 8.01-288*

The plaintiffs do not cite this statute in their brief (Dunleavy does in his), but they contend their judgment ought not to be set aside because the Secretary used Dunleavy's correct address and he signed the certified mail receipt. Va. Code § 8.01-288 provides: "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." "Under its clear terms, Va. Code § 8.01-288 is designed to cure defects in the *manner* in which 'process' is served. It cannot cure defects in the 'process' itself." *Lifestar Response of Maryland, Inc. v. Vegosen,* 267 Va. 720, 725, 594 S.E.2d 589, 591 (2004). Process must include a copy of the complaint and the summons issued by the clerk. *Id.* at 724, 594 S.E.2d at 591. (Before 2006, the "notice" was attached to the motion for judgment in actions at law. Former Rule 3:3(c). Now, a summons is attached to the complaint. Rule 3:5.)

Dunleavy testified he did not receive any notice or documents about the suit until receiving the debtor's interrogatories. There is a signed certified mail receipt in the Court's file with a signature of "T. Dunleavy" dated January 20, 2010 (the day after the Secretary forwarded the "papers described in the Affidavit"). Pl.'s Exh. 1. However, Dunleavy testified that it was not his signature, and he provided an exemplar of his handwriting and signature. Def.'s Exh. 1.

I need not determine whether the signatures match or whether Dunleavy is attempting to disguise his signature. Further, I shall assume that service on a Virginia resident through the Secretary without attempting service

under Va. Code § 8.01-296 is only a defect in the *manner* of service. Nonetheless, even if Dunleavy received something from the Secretary on January 20, 2010, it is unclear whether process was included in the mailing. As stated above, the attachment boxes on the affidavit for service of process were not checked to indicate that the summons and complaint were attached. Thus, the "process" itself was defective.

As the constructive service was invalid, this Court had no jurisdiction to enter the default judgment. The default judgment is void and vacated.